**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CHARLES AARON BROOKS,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. FERNANDEZ, et al.,<br><br>  Defendants. | Case No. EDCV 10-00423-R (MLG)<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE REQUIRED TO PAY FILING FEE |

**I.  Introduction**

Plaintiff Charles Aaron Brooks, an inmate at the Federal Correctional Institution-Victorville, in Adelanto, California, filed the present action under *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971) on March 26, 2010, after being granted leave to commence the action without prepayment of fees.[1] 28 U.S.C. § 1915(a)(1). On July 22, 2010, the Court conducted a

---

[1] The facts underlying Defendants' alleged violation of Plaintiff's Eight Amendment rights are too lengthy to recite here. Suffice it to say that they raise bizarre allegations of torture and sexual misconduct on the part of twenty-six employees of the United States Bureau of Prisons. This is a claim that Plaintiff has repeatedly alleged against Bureau of Prison officials in district courts around the country. Because it did not appear that Plaintiff had exhausted his administrative remedies, service was only ordered on Defendant Fernandez. Service has yet to be effected.

nationwide search on Public Access to Court Electronic Records (PACER) system, to determine whether Plaintiff was eligible to file this action without prepayment of the full filing fee. Having done so, the Court believes that the full filing fee is required under 28 U.S.C. § 1915(g). Plaintiff is therefore directed to show cause, on or before August 13, 2010, why he should not be required to pay the filing fee.

28 U.S.C. § 1915(g) is commonly known as the "three strikes" provision of the Prison Litigation Reform Act of 1995 ("PLRA"). *Andrews v. King*, 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005). Under section 1915(g), a prisoner may not proceed *in forma pauperis* after three or more actions filed by the prisoner while incarcerated have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. There is an exception to this prohibition when the prisoner is under imminent danger of serious physical injury. *Id.*

The Court's search has revealed the following. In *Brooks v. Ludwig*, Case No. 05-5795-RK (E.D. Penn. 2005), District Judge Robert F. Kelly, noted that Plaintiff had, on three or more occasions filed civil actions in federal court which were dismissed as frivolous or for failed to state a claim upon which relief may be granted. Leave to file without prepayment of a filing fee was denied. In *Brooks v. Haynes*, Case No. 5:06CV4 (N.D.W.Va. 2005), the Court dismissed a civil rights action alleging facts almost identical to that alleged here for failure to state a claim upon which relief may be granted. In *Brooks v. DeLoach*, Case No. 06-3317 (10th Cir. 2007), an appeal was dismissed on the basis that it was frivolous. In *Brooks v. Spore*, Case No. 09-477-MSD-Tem, the United States District Court for the

Eastern District of Virginia dismissed an action for failure to state a claim upon which relief could be granted. The allegations in that case are also similar to that raised here. Indeed, the Court has counted at least 39 separate actions filed by Plaintiff since he has been incarcerated.

The Court's order of March 30, 2010 allowing Plaintiff to proceed without prepayment of the filing fee was made without knowledge of these out of district section 1915(g) qualifying dismissals, which were adjudicated in various federal courts around the country. This is no bar to its authority to implement the requirements of section 1915(g) now.

The Ninth Circuit has repeatedly held that section 1915(g) is constitutional, because "deterring frivolous lawsuits is rationally related to a legitimate government interest." *O'Neal v. Price*, 531 F.3d 1146, 1153-54 (9th Cir. 2008); *Andrews*, 398 F.3d at 1123; *Rodriguez*, 169 F.3d at 1180. "Filing an action [*in forma pauperis* under section 1915] is a privilege, not a right." *Id.* (Fernandez, J., concurring in part and dissenting in part). *See also Lewis v. Sullivan*, 279 F.3d 526, 530 (7th Cir. 2002)(listing seven ways that prisoners can vindicate a claim outside the restraints of section 1915(g)). Enforcement of section 1915(g) would not violate Plaintiff's constitutional rights.

Plaintiff has also not demonstrated that he is under imminent danger of serious physical injury. Plaintiff's lawsuit alleges an fanciful claim of assault and misconduct on numerous BOP employees. This is the same claim he has raised in various lawsuits around the country, regardless of the institution in which he is incarcerated. To the extent that the alleged assault took place in 2009, he is

clearly not under imminent danger.

### III. Conclusion

For the aforementioned reasons, it is ORDERED that Plaintiff show cause on or before August 13, 2010, why he should not be required to submit the filing fee of $350. Alternatively, Plaintiff may submit the filing fee to the clerk's office prior to that date. Failure to respond to this order, show good cause for allowing this matter to proceed, or submit the filing fee in the time allowed, will result in dismissal of this action without further notice.

Dated: July 23, 2010

_____
Marc L. Goldman
United States Magistrate Judge