FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 25 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| CHARLES AARON BROOKS,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. FERNANDEZ, et al.,<br><br>    Defendants. | Case No. EDCV 10-00423-R (MLG)<br><br>ORDER DISMISSING COMPLAINT<br>WITHOUT PREJUDICE |

## I.    Introduction

Plaintiff Charles Aaron Brooks, an inmate at the Federal Correctional Institution-Victorville, in Adelanto, California, filed the present action under *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971) on March 26, 2010, after being granted leave to commence the action without prepayment of fees.[1] 28 U.S.C. § 1915(a)(1). On July 23, 2010, after conducting a nationwide

---

[1] The facts underlying Defendants' alleged violation of Plaintiff's Eight Amendment rights are too lengthy to recite here. Suffice it to say that they raise bizarre allegations of torture and sexual misconduct on the part of twenty-six employees of the United States Bureau of Prisons. This is a claim that Plaintiff has repeatedly alleged against Bureau of Prison officials in district courts around the country. Because it did not appear that Plaintiff had exhausted his administrative remedies, service was only ordered on Defendant Fernandez. Service has yet to be effected.

search on Public Access to Court Electronic Records (PACER) system, to determine whether Plaintiff was eligible to file this action without prepayment of the full filing fee under 28 U.S.C. § 1915(g), Magistrate Judge Marc L. Goldman issued an order directing Plaintiff to show cause, on or before August 13, 2010, why he should not be required to pay the filing fee. Alternatively, Plaintiff was ordered to pay the $350.00 filing fee. Plaintiff was further placed on notice that failure to comply with the order would result in dismissal of the action without further notice. Plaintiff failed to comply with the Order to Show Cause. Because it is clear that Plaintiff was not eligible to file this action prior to full payment of the filing fee, it is ordered that the matter be dismissed without prejudice.

## II.   Analysis

28 U.S.C. § 1915(g) is commonly known as the "three strikes" provision of the Prison Litigation Reform Act of 1995 ("PLRA"). *Andrews v. King*, 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005). Under section 1915(g), a prisoner may not proceed *in forma pauperis* after three or more actions filed by the prisoner while incarcerated have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. There is an exception to this prohibition when the prisoner is under imminent danger of serious physical injury. *Id.*

The PACER system has revealed the following. In *Brooks v. Ludwig*, Case No. 05-5795-RK (E.D. Penn. 2005), District Judge Robert F. Kelly noted that Plaintiff had, on three or more occasions, filed civil actions in federal court which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. Leave

2

to file a civil action without prepayment of a filing fee was denied. In *Brooks v. Haynes*, Case No. 5:06CV4 (N.D. W.Va. 2005), the Court dismissed a civil rights action alleging facts almost identical to that alleged here for failure to state a claim upon which relief may be granted. In *Brooks v. DeLoach*, Case No. 06-3317 (10th Cir. 2007), an appeal was dismissed on the basis that it was frivolous. In *Brooks v. Spore*, Case No. 09-477-MSD-Tem (E.D. Va.), the United States District Court for the Eastern District of Virginia dismissed a *Bivens* action for failure to state a claim upon which relief could be granted. The allegations in that case are also similar to that raised here. Indeed, the Court has counted at least 39 separate civil rights/*Bivens* actions filed by Plaintiff since he has been incarcerated.

The Court's order of March 30, 2010, allowing Plaintiff to proceed without prepayment of the filing fee was made without knowledge of these out-of-district section 1915(g) qualifying dismissals, which were adjudicated in various federal courts around the country. This is no bar to its authority to implement the requirements of section 1915(g) now.

The Ninth Circuit has repeatedly held that section 1915(g) is constitutional, because "deterring frivolous lawsuits is rationally related to a legitimate government interest." *O'Neal v. Price*, 531 F.3d 1146, 1153-54 (9th Cir. 2008); *Andrews*, 398 F.3d at 1123; *Rodriguez*, 169 F.3d at 1180. "Filing an action [*in forma pauperis* under section 1915] is a privilege, not a right." *Id.* (Fernandez, J., concurring in part and dissenting in part). *See also Lewis v. Sullivan*, 279 F.3d 526, 530 (7th Cir. 2002)(listing seven ways that prisoners can vindicate a claim outside the restraints of section

3

1  1915(g)).  Enforcement  of  section  1915(g)  would  not  violate
2  Plaintiff's constitutional rights.

3      Plaintiff has also not demonstrated that he is under imminent
4  danger of serious physical injury. Plaintiff's lawsuit alleges a
5  fanciful series of claims of assault and misconduct on the part of
6  numerous BOP employees. These are the same claims he has raised in
7  innumerable  lawsuits  around  the  country,  regardless  of  the
8  institution  in  which  he  is  incarcerated.  To  the  extent  that  the
9  alleged assault took place in 2009, he is clearly not under imminent
10  danger.

11

12  **III. Conclusion**

13      For the aforementioned reasons, it is ORDERED that the complaint
14  be DISMISSED without prejudice.

15

16  Dated: August 25, 2010

17

18

19                                          _____
20                                          Manuel L. Real
                                           United States District Judge
21

22  Presented By:
23
24  _____
    Marc L. Goldman
25  United States Magistrate Judge

26

27

28

                                    4